## VENUE AND SERVICE IN ACTIONS AGAINST CORPORATIONS,

Common Pleas Court of Franklin County.

FRANK S. MONNETT V. THE GOODYEAR TIRE & RUBBER CO ET AL.

Decided December 23, 1920.

*Corporations—Proper Venue in Actions Against—Service Against a Sales Agent not Effective—Upon Whom Service May be Had.*

1. The venue of an action against a corporation is the place where the corporation is situated or where its principal office or place of business is found, or where any of the officers named in the statute may be summoned.

2. In actions against corporations other than railroads, service must be had upon some officer who has and exercises corporate power with authority to act for the corporation in its corporate capacity.

*F. S. Monnett,* for plaintiff.

*E. C. Turner* and *A. T. Seymour,* for defendants.

KINKEAD, J

Plaintiff as owner of forty-five shares of stock purchased November 1, 1919, files the petition herein for an accounting. It purports to be a representative suit for all stockholders. A prayer is made for a receiver.

The corporate defendant files a motion to quash the service for want of jurisdiction. Coming in for the sole purpose of questioning the jurisdiction it has not entered its appearance as claimed.

Defendant Fred W. Freeman interposes a demurrer claiming that sufficient facts are not stated to show a cause of action against him. That the demurrer is well taken is apparent from an inspection of the petition. The general charge of conspiracy and the meager allegation does not disclose a cause of action against Freeman. The demurrer is therefore sustained.

The service upon the Goodyear Company was made upon R. B. Clark designated in the return as Manager of the company. It recites that the sheriff was unable to find the president, vice-president, secretary or treasurer or other official of higher rank within the county.

An affidavit is submitted to the effect that defendants principal office and place of business is at Akron, Ohio, where all its corporate business is transacted. It also recites that the company did not maintain a principal office or place of business, or any office or agent in this county; that it maintained only a sales depot in Columbus. The affidavit also alleges that Clark is not an officer, or cashier, treasurer or clerk, or its managing agent.

The question is one of venue. An action must not only be commenced in a proper or legal venue, but the service of summons must be made upon the proper persons designated by statute. With a view to making clear the legal venue in such cases—in actions against corporations—the statute specifically prescribed the legal representatives upon whom service must be made.

Section 11272 requires that actions against corporations shall be brought either:

1. In the county where the corporation is situated.

2. Or where it has or had its principal office or place of business.

3. Or in which such corporation has an office or agent.

4. Or in any county in which a summons may be served upon the president, chairman or president of the board of directors or other chief officer. To bring the corporate entity into court notice must be brought to one of the officers named in the statute clothed with some corporate capacity or power.

Section 11272 is a statute regulating the venue of actions against corporations. Though it names certain corporate officers upon whom summons may be served, the clear purpose is to designate the place where any one of such officers may be served with summons and when the venue of the particular action may be laid.

The venue of the action then is the place where the corporation is situated, or where its principal office or place of business is, or where any of the officers named in the statute may be summoned.

It will be noticed in the four enumerated classes above stated, that the third one is: "Or in which such corporation has an office

or agent." It is doubtful if any one has discovered the purpose and meaning of this language in the light of all the provisions of the statute. It does not appear to have any application to the present case. It does not appear that defendant has an office in this county nor does it have an agent representing it in its corporate capacity.

The sheriff's return designates Clark as a managing agent. But the affidavit submitted on the motion states that defendant's principal office and place of business is at Akron, where all its corporate business is transacted. It states that the company merely maintains a sales agency and that Clark upon whom service was made, was not, as stated in the return a managing agent.

A corporation acts in its corporate capacity only by its corporate officers whose powers are prescribed by its charter or by-laws. A sales agent possesses no corporate powers as such agent. A sales agency is not an "office," representative of corporate powers without specific authority conferred by special by-law.

As stated, the affidavit submitted shows that the person served possessed no managing corporate power. In the absence of a statute like the one applicable to railroads—summons must be served upon the persons named in the statute—which contemplates the summoning of persons who possess and exercise corporate power. When a corporate body is summoned into court to answer in its corporate capacity, only those persons whom the law designates, or whom the general doctrines of corporate law recognize as possessing power and authority to represent and act for the corporation in its corporate capacity should be served with summons in actions brought against the corporation.

The motion to quash the summons is sustained.